```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **SHAUL ABDIEL ISRAEL,** | |
| Plaintiff, | |
| v. | **Case No. 22 C 804** |
| **CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT,** | **Judge Harry D. Leinenweber** |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shaul Abdiel Israel ("Israel"), formerly known as Richard de Jesus Jr., filed a *pro se* Complaint against Defendant City of Chicago, alleging claims under the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983, the Illinois Constitution, and defamation (Dkt. No. 1). In response, the City of Chicago filed a Motion to Dismiss, arguing that Israel failed to state a claim (Dkt. No. 20).

### I. BACKGROUND

The Complaint alleges the following facts. Plaintiff Shaul Abdiel Israel ("Israel"), formerly Richard de Jesus Jr., lived in Chicago until 2008. (Compl. ¶¶ 1, 14.) On May 18, 2006, while Israel was walking down a Chicago street with a friend, three police officers working on behalf of Defendants the City of Chicago ("the City") stopped him. (Compl. ¶¶ 3, 5.) After the officers

conducted a bodily search, for which Israel expressed that he did not consent (Compl. ¶¶ 4-5), they informed Israel that there was an active "Investigative Alert" for him and that detectives wished to speak with him. (Compl. ¶ 8.) When he asked the basis of this alert, officers did not answer. (Compl. ¶ 8.) Israel asserts that he was not carrying a drink and that there was no discussion of alcohol during this encounter. (Compl. ¶ 8.)

The officers transported Israel to two police stations, where he was placed in two lineups and one photo array. (Compl. ¶¶ 9.) Afterwards, the police officers presented him with an Individual Recognizance Bond ("I-Bond") to sign in order to be released. (Compl. ¶¶ 9.) This I-Bond listed the charge "Drinking Alcohol on the Public Way." (Compl. ¶¶ 9.) Israel signed it and was released. (Compl. ¶¶ 9.) On June 23, 2006, the charge of "Drinking Alcohol on the Public Way" was disposed of as a "non-suit." (Compl. ¶ 10.)

In 2008, Israel relocated to Virginia. (Compl. ¶ 11.) He claims the impetus of this move was to "escape a concerted pattern of police harassment that took place at the hands of CPD officers between 2006 and 2008." (Compl. ¶ 11.) His attached police report snippet shows multiple arrests during that period. (Compl. Ex. 1, Dkt. No. 1.)

In 2009, Israel, his spouse, and three children "were denied public housing because a background report revealed a felony charge, but no further information was provided." (Compl. ¶ 12.)

In 2012, the Virginia State Police denied Israel a Concealed Handgun Permit. (Compl. ¶ 13.) Israel states, "at no point in time was it disclosed what the reason for the denial was except that there appeared to be a violent felony arrest on Israel's criminal history." (Compl. ¶ 13.)

He then obtained a Criminal History Report ("CHR") from Chicago, and the report showed zero felony arrests. (Compl. ¶ 14.) Likewise, the CHR he requested from CPD between 2015 and 2016 for his application for a Taxicab Driver Permit also revealed no felony arrests. (Compl. ¶ 15.) It did show that Israel had been arrested for Drinking Along the Public Way. (Compl. ¶ 15.) This application also required Israel to produce a sealed Identity History Summary ("IdHS") from the Federal Bureau of Investigation ("FBI"). The IdHS was only to be opened by law enforcement officials, in this case, the Virginia State Police. "Israel was informed that there were discrepancies between the two reports from CPD and the FBI. Despite said discrepancies Israel was allowed to obtain his Taxicab Drivers Permit without further issue, assuming it to be a clerical error." (Compl. ¶ 15.) Around this time or since then, he obtained a copy, appended to the Complaint. See (Compl. ¶ 15; (Compl. Ex. 2,

Dkt. No. 1.) The IdHS shows an arrest on May 18, 2006, for two charges: "armed robbery/armed w/firearm" and "ordinance." (Compl. Ex. 2, Dkt. No. 1.)

Plaintiff applied to law schools in 2021 and was ultimately denied admission to the University of D.C. Law School, which had, prior to rejecting him, asked for more information about his criminal record. (*Id.* at ¶ 16.) Plaintiff contacted multiple officials, including representatives of the FBI, the Cook County State's Attorney's Office, the City's Mayor's Office, and the Chicago Police Department, but none has helped him. (*Id.* at ¶¶ 17-24.)

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). When considering a Rule 12(b)(6) motion to dismiss, the Court must "accept [ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081

(7th Cir. 2008). However, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555. Pleadings that offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

Under Rule 12(b)(6), "dismissal of an action . . . is warranted only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *Christensen v. Cty. of Boone,* 483 F.3d 454, 458 (7th Cir. 2007) (internal citations omitted). District courts may dismiss a time-barred claim when the untimeliness is obvious in the complaint. *See Logan v. Wilkins,* 644 F.3d 577, 582 (7th Cir. 2011) ("when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

### III. DISCUSSION

#### A. Federal Claims

Israel pleads in Count I that the City violated his constitutional rights by its use of investigative alert, pursuant to 42 U.S.C. § 1983. The Court recognizes this as a *Monell* claim. In Count II, Israel claims that the investigative alert against him violated his Fourth Amendment rights. Israel's fourth claim is

false imprisonment in violation of the Fourteenth Amendment. The City contends that each federal claim is time-barred.

### 1. Count II

Because Israel's second claim is duplicative of the first, the constitutionality of the City's use of the investigative alert, the Court dismisses Count II.

### 2. Counts I and IV

Federal courts look to state law to determine the length of the limitations period for Section 1983 claims. Under Illinois law, this period is two years. 735 ILCS 5/13-202. The time at which a Section 1983 claim accrues remains a question of federal law. A Section 1983 claim presumptively accrues when a plaintiff has a "complete and present cause of action." *McDonough v. Smith,* 139 S.Ct. 2149, 2155 (2019).

Fourth Amendment violations accrue at the time of search or seizure. *See Wallace v. Kato,* 549 U.S. 384, 389 (2007). Malicious prosecution claims accrue when the underlying prosecution has been resolved in the plaintiff's favor. *McDonough,* 139 S.Ct. at 2156.

In *McDonough,* the Court reasoned that applying pressure to a criminal defendant to file claims before such resolution would contradict "[t]he proper approach in our federal system," which "generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated

evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." 139 S. Ct. at 2159. Here, no criminal proceedings appear to remain outstanding because the May 2006 drinking ordinance charge was disposed of on June 23, 2006, and no record or allegation in the Complaint suggests a future action for any charge of armed robbery.

Plaintiff's Fourth Amendment claim, Count I, began to accrue at his May 18, 2006, arrest. The prosecution of his May 18, 2006, arrest concluded on June 23, 2006. The respective limitations periods expired two years later, over a decade before Plaintiff filed suit. Therefore, these claims are time barred. The Court dismisses Counts I and IV.

### B. State Claims

In Count III, Israel claims that the City's use of investigative alerts violates Section 6 of the Illinois constitution. In Count V, Israel charges defamation at various times stemming from this arrest. Because these state claims and the federal claims arise from the same case or controversy, the May 18, 2006, arrest and reporting thereof, jurisdiction in federal court would be proper pursuant to 28 U.S.C. § 1367.

Now that the Court has dismissed the federal claims, the Court considers whether to relinquish this jurisdiction over the pendant

state claims. The Seventh Circuit has held that there is a presumption in favor of relinquishing the supplemental state claims when federal claims are dismissed before trial, save for a few "unusual circumstances," namely: (1) when the statute of limitations has run such that the plaintiff would be foreclosed from bringing state law claims in state court; (2) where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and (3) where it is obvious how the claims should be decided. *Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir. 2007). "A district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994). The Supreme Court interpreted the Federal Supplemental Jurisdiction statute, 28 U.S.C. § 1367, to hold in abeyance states' states of limitations during the pendency of time in which a federal court considers the case. *Artis v. District of Columbia,* 138 S.Ct. 594, 598 (2018).

### 1. Count V

Israel claims that the City spread false information about his criminal record after he applied to law schools in 2021. In Illinois, the statute of limitations for tort actions against

municipalities is one year from accrual of the cause of action. Tort Immunity Act, 745 ILCS 10/8-101. Illinois defamation claims generally accrue at the date of publication. *See Ciolino v. Simon,* 170 N.E.3d 992, 1005 (Ill. App. Ct. 2020), *aff'd,* 192 N.E.3d 579 (Ill. 2021). Because Israel alleges that this information spreading occurred within a year of his filing the Complaint, this charge was not time-barred when he filed it in federal court, so a similar compliant in state court remains timely. Finding that the statute of limitations on this claim has not expired, the Court also finds that neither of the other two factors suggest that the Court should retain jurisdiction of this case. Therefore, because this case has not reached trial, the Court relinquishes jurisdiction of the purely state law claim. Count V is dismissed without prejudice.

### *2. Count III*

To Israel's Count III for violations to the Illinois Constitution, the City argues a few reasons for dismissal, including that Israel's action was untimely, this time because he failed to file within the one year-statute of limitations provided in the Illinois Tort Immunity Act. Like Count V, this claim tolled while filed in this Court. Although this district has applied the statute of limitations of the Tort Immunity Act to constitutional claims (*see Anderson v. Allen,* No. 1:19-CV-02311, 2020 WL 5891406,

at *5 (N.D. Ill. Oct. 5, 2020); *Blocker v. City of Chi.,* No. 17 CV 00055, 2017 WL 3278323, at *2 (N.D. Ill. Aug. 2, 2017)), the state court is better positioned to interpret this issue. As no other factors suggest that this Court should retain jurisdiction on Count III and the parties have not reached trial, the Court heeds the presumption to relinquish jurisdiction. Count III is dismissed without prejudice.

## IV. CONCLUSION

For the reasons herein, the City of Chicago's Motion to Dismiss (Dkt. No. 12) is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 3/28/2023